# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:04CV258
## (1:01CR52-11)

| | |
|---|---|
| DOYLE MORGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct his sentence, filed November 19, 2004. No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. §2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

2

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 6, 2001, the Petitioner was charged along with thirteen co-defendants with conspiracy to possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1) and 851. **Bill of Indictment, filed August 6, 2001.** The Government subsequently filed notice pursuant to 21 U.S.C. § 851 of the Petitioner's prior felony drug convictions in state court in 1988 and 1990.[1] **Bill of Information, filed August 6, 2001.** The Government filed another information alleging that at least 5 kilograms of a mixture or substance containing a detectable amount of cocaine and at least 1.5 kilograms of a mixture or substance containing a detectable amount of methamphetamine were involved in the conspiracy. **Information pursuant to 21 U.S.C. §**

---

[1] A subsequent information filed by the Government set forth two additional prior felony drug convictions in state court in 1999 and 2000. **See Amended Information pursuant to Title 21, U.S.C. § 851, filed September 6, 2001.**

**841(b), filed August 6, 2001.** The Petitioner elected to go to trial and was found guilty by jury verdict of the conspiracy charged in the indictment. In addition, the jury found the Petitioner did not know or could not have reasonably foreseen the involvement with the amount of cocaine alleged in the indictment, but did find that he knew or could have reasonably foreseen the involvement with the amount of methamphetamine as alleged by the Government. **Verdict Sheet, filed March 5, 2002.** On January 28, 2003, the undersigned sentenced the Petitioner to 360 months imprisonment. **Judgment in a Criminal Case, filed March 11, 2003.** The Petitioner appealed his conviction and sentence; the Fourth Circuit Court of Appeals affirmed his conviction and sentence on December 3, 2003, and the Supreme Court denied his petition for a *writ of certiorari* on April 19, 2004. ***United States v. Morgan*, 81 F. App'x 786 (4th Cir. 2003), *cert. denied*, 541 U.S. 1002 (2004).** On appeal, Petitioner raised the following grounds, each of which was rejected by the Fourth Circuit: (1) the Court gave jury instructions that constructively amended the indictment; and (2) the drug amount of cocaine was not found by the jury as sufficient to convict on the charge of conspiracy to distribute cocaine.

4

On November 19, 2004, Petitioner timely filed this motion pursuant to 28 U.S.C. § 2255 raising numerous grounds which are addressed sequentially.

## II. STANDARD OF REVIEW

In considering Petitioner's claims that he has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

**Strickland v. Washington, 466 U.S. 668, 686 (1984).** Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. *Id.* Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness, and, that but for his conduct, there was a reasonable probability the result would have been different. *Id.*, **at 688;** *Hill v. Lockhart,* **474 U.S. 52 (1985);** *Fields v. Attorney Gen.,* **956 F.2d 1290 (4th Cir. 1992) (In order to obtain relief from a guilty verdict on the basis of ineffective assistance of counsel, a defendant**

5

**must show both that counsel was incompetent and but for that incompetence, he would not have been convicted).** If the defendant fails to make the first showing, there is no need to consider the second. ***Strickland, supra.***

### III. DISCUSSION

Petitioner first contends his counsel was ineffective for failure to object to the one level career offender enhancement by reason of his designation as a career offender and that the enhancement was based on facts not found by a jury.

According to the presentence investigation report, the Petitioner had previous felony drug convictions in McDowell County on December 8, 1988, and August 9, 1990; he was 18 years old or older at the time he was convicted of those offenses. **See Presentence Investigation Report, prepared October 22, 2002, at 8.** He met all the requirements of a career offender under U.S.S.G. § 4B1.1. This resulted in the use of the Guideline offense level of 37 rather than the adjusted offense level of 36. *Id.*

Petitioner also contends that the prior convictions resulting in the enhancement were not found by a jury and, therefore, could not be used to

6

support the enhancement. This contention is without merit. The Supreme Court has held that the fact of a prior conviction, even though it results in increased punishment, need not be found by a jury. **See, Apprendi v. New Jersey, 530 U.S. 466 (2000);** see also, **United States v. Cheek, 415 F.3d 349, 351-53 (4th Cir.),** cert. denied, **126 S. Ct. 640 (2005).**

The Petitioner next contends that the Court erred by adopting the offense level of 36 determined by the probation officer based on his responsibility for 9.072 kilograms of a mixture of methamphetamine because the jury found that the Government had failed to prove his responsibility for the amount of cocaine in the indictment and found only that the Government had proved his involvement with 50 grams of a mixture containing a detectable amount of methamphetamine. The Court adopted the findings of the probation officer regarding the amount of methamphetamine finding that such was supported by the trial evidence and the investigating officer's reports concluding that the Petitioner was responsible for the distribution or knowledge of at least 20 pounds, or 9.072 kilograms, of a mixture containing a detectable amount of methamphetamine. Based on this ruling, the Petitioner's counsel was not ineffective by failing to object since he had no valid grounds on which to do

so. Counsel is not required by the Sixth Amendment to make meritless motions or objections. **United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999); Wagner v. United States, 377 F.Supp.2d 505, 510 (D.S.C.), appeal dismissed, 146 F. App'x 701 (4th Cir. 2005) (quoting United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995)); accord, Leano v. United States, 334 F.Supp.2d 885, 893 (D.S.C. 2004) ("Because there was nothing illegal or unconstitutional about the [calculated offense level] in this case, the Petitioner's counsel cannot be found ineffective for failing to raise the issue.").**

It is now and was at the time of Petitioner's sentencing, the responsibility of the Court to first calculate the sentence range recommended by the Sentencing Guidelines, even though the Supreme Court has held they are no longer binding. **See, Booker v. United States, 543 U.S. 220 (2005).** In a controlled substances case, the first step involves the determination of the correct drug amount by the Court. **See, United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006); United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005); United States v. McClellan, 2006 WL**

8

**1476183 (4th Cir. 2006).** This essential step was taken in this case and the resulting sentenced affirmed as noted *supra.*

Because Petitioner has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," the second prong of *Strickland* need not be reached.

Finally, the Petitioner claims he is entitled to relief based on the *Apprendi, supra, Blakely v. Washington State*, 542 U.S. 296 (2004), and *Booker, supra,* decisions. As referenced *supra*, the Supreme Court held in *Apprendi* that other than a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to the jury and proven beyond a reasonable doubt. Petitioner is mistaken that *Apprendi* would apply to his case in any event because his sentence is not beyond the prescribed statutory maximum. **See, e.g., United States v. Bradford, 7 Fed. Appx. 222, 223 n.\* (4th Cir. 2001) (citing United States v. White, 238 F.3d 537, 542 (4th Cir. 2001)).**

In *Blakely*, the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea

9

agreement, to enhance the defendant's sentence above the sentencing guideline range. However, *Blakely* does not apply retroactively to convictions, like the Petitioner's, that were final at the time that case was decided. **United States v. Price, 400 F.3d 844 (10th Cir. 2005);** *Varela v. United States*, **400 F.3d 864 (11th Cir.),** *cert. denied,* **126 S. Ct. 312 (2005);** *Cooper-Smith v. Palmateer,* **397 F.3d 1236 (9th Cir.),** *cert. denied,* **126 S. Ct. 442 (2005);** *Green v. United States,* **397 F.3d 101, 103 (2d Cir. 2005);** *United States v. Marshall,* **117 Fed. Appx. 269 (4th Cir. 2004).** The Petitioner's conviction became final in April 2004 when the Supreme Court denied his petition for a *writ of certiorari* but prior to the *Blakely* decision in June 2004, and could not be retroactively applied in any event.

Petitioner's claim for relief pursuant to *Booker* is rejected as well. In *Booker*, the Supreme Court held that the United States Sentencing Guidelines, as a mandatory sentencing procedure, are unconstitutional but that they may be used as an advisory guide by sentencing courts. The Fourth Circuit, as well as every circuit court which has addressed the issue of whether *Booker* may be applied retroactively to cases on collateral review, has held that *Booker* is not retroactive. **United States v. Morris,**

10

429 F.3d 65 (4th Cir. 2005) (Although *Booker* is a new rule of constitutional law, it is not a watershed rule and therefore does not apply retroactively to cases on collateral review.); *United States v. Fowler*, 133 Fed. Appx. 922 (4th Cir. 2005) ("Neither *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir.), *cert. denied*, 126 S. Ct. 288 (2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir.), *cert. denied*, 126 S. Ct. 731 (2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *Green, supra*; *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).

11

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED**. A Judgment dismissing the action is filed herewith.

Signed: September 19, 2006

Lacy H. Thornburg
United States District Judge