IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:01CR52-11

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| DOYLE RAY MORGAN ) | |

**THIS MATTER** is before the Court on Defendant's motion for a "writ of coram nobis to correct error," filed March 4, 2008.

Defendant was convicted of conspiracy to possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. **Judgment in a Criminal Case, filed March 11, 2003, at 1.** He received an active sentence of 360 months imprisonment, to be followed by eight years of supervised release. *Id.* **at 2, 3.** The United States Court of Appeals for the Fourth Circuit affirmed the judgment on December 3, 2003. ***United States v. Morgan*, 81 F. App'x 786 (4th Cir. 2003).**

Defendant previously filed a motion challenging his sentence pursuant to 28 U.S.C. § 2255.  **Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed November 19, 2004.**  This Court denied the motion.  **Memorandum and Order, filed September 19, 2006.**  The Judgment cautioned Defendant that "no future motion pursuant to 28 U.S.C. § 2255 may be filed absent permission from the United States Fourth Circuit Court of Appeals."  **Judgment, filed September 19, 2006, at 1.**  Defendant appealed to the Fourth Circuit, which affirmed this Court's denial of his § 2255 motion.  ***United States v. Morgan*, 222 F. App'x 295 (4th Cir. 2007).**

Now, Defendant claims relief in the form of a "writ of coram nobis to correct error," citing 28 U.S.C. § 1651(a), which authorizes writs generally, and 18 U.S.C. § 3553(a), which lists factors to be considered in imposing a sentence.  A writ of *coram nobis* (literally, "before us"), is an archaic remedy "directed to a court for review of its own judgment and predicated on alleged errors of fact."  **Black's Law Dictionary 362 (8th ed. 2004).**  Use of this writ has been discontinued in the federal court system. Indeed, Federal Rule of Civil Procedure 60 specifically states:  "The following are

abolished: bills of review, bills in the nature of bills of review, and *writs of coram nobis*, coram vobis, and audita querela." **Fed. R. Civ. P. 60(e) (emphasis added); *see also United States v. Beggerly*, 524 U.S. 38, 45 (1998) (explaining that Rule 60 abolishes "nearly all the old forms of obtaining relief from a judgment").**

Furthermore, because Defendant is in federal custody and has already filed an unsuccessful § 2255 motion, the gate-keeping provisions of 28 U.S.C. §§ 2244 and 2255 act to prevent Defendant from obtaining further review of his sentence by means of a writ of *coram nobis* under 28 U.S.C. § 1651, the so-called "All Writs Act." ***United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (holding that writs of coram nobis filed after an unsuccessful § 2255 motion are not allowed) ; *see also United States v. Davis*, 30 F. App'x 142 (4th Cir. 2002) (citing *Noske* for this proposition).**

**IT IS, THEREFORE, ORDERED** that Defendant's motion for a writ of coram nobis is hereby **DENIED**.

4

Signed: March 19, 2008

*[signature]*

Lacy H. Thornburg
United States District Judge